IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES STUART FALLER, II,

    Plaintiff,

v.                                        Civil Action No. 5:18CV160
                                                          (STAMP)

UNITED STATES BUREAU OF PRISONS,
UNITED STATES DEPARTMENT OF JUSTICE,
JENNIFER SAAD, as Warden of FCI-Gilmer,
JOHN MORAN, individually and in
his official capacity,
JOSEPH LEE YEAGER, individually and
in his official capacity,
RANDAL D. LOUK, individually and
in his official capacity,
GREGG R. FEARDAY, in his official
capacity and
UNKNOWN FEDERAL EMPLOYEES/AGENTS
and DIRECT CONTRACTORS,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO DISQUALIFY JUDGES
AND APPOINT SPECIAL JUDGE FROM OUTSIDE JURISDICTION**

I. Background

The pro se[1] plaintiff, James Stuart Faller, II, filed this civil action asserting claims under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). ECF No. 6. In that complaint, he asserts that he was injured while completing a prison order and that he did not receive appropriate medical care or medication for the injury. ECF No. 6-1 at 1-9. That complaint,

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

however, is not at issue regarding this memorandum opinion and order. Rather, at issue now is the plaintiff's motion to disqualify the undersigned judge as well as "all Federal Judges and Magistrates in the District of West Virginia and to appoint a Special Judge from outside the Circuit." ECF No. 28-1 at 1.

Previously, the plaintiff filed a motion titled "Omnibus Motion to Disclose Possible Conflicts or Bias and Reconsider Electronic Filing Pursuant to Address Pro Se Plaintiff's Qualifications." ECF No. 13. The plaintiff asserted that the magistrate judge was biased because the magistrate judge "has been making sua sponte, ex-parte inquiries and investigations into the background of the Plaintiff, which has resulted in inaccurate, highly biased reports about the instant Plaintiff." Id. at 1. After reviewing the plaintiff's affidavits in support of his motion and the plaintiff's other filings, this Court denied the plaintiff's motion. ECF No. 15.

The plaintiff has since filed a motion to disqualify the undersigned judge as well as "all Federal Judges and Magistrates in the District of West Virginia and to appoint a Special Judge from outside the Circuit" under 28 U.S.C. §§ 144 and 455(b)(1). ECF No. 28. In his motion, he contends that: (1) the Court has engaged in an extrajudicial investigation and obtained incorrect information from the investigation; (2) the Court has refused to provide him information regarding this investigation; (3) the Court

has refused to issue summonses; (4) the Court has entered two orders that conflict with the law; (5) he discovered and documented more than one million dollars in "direct theft and misappropriation" from prison staff and that after learning that he was aware of the theft, the prison staff intentionally tried to injure or kill him; and (6) the Court used the incorrect information obtained from the investigation to deny him use of the Court's electronic filing system. See ECF No. 28-1. In his motion, the plaintiff states that "the Court contacted Kentucky where Faller's wrongful conviction derived and engaged in an ad hominem investigation of Faller." Id. at 2. Moreover, he attaches an affidavit, in which he reiterates the various claims listed above. Id. Lastly, he attaches an internet source, an affirmation by Adrienne Southworth who has known the plaintiff for ten years, a correspondence from Adrian Gilbert, an email from Jack Conway to all Kentucky Attorney General staff, among others, and an affirmation from Judge Ray Corns who has previously worked with the plaintiff.

For the reasons set forth below, the plaintiff's motion to disqualify the undersigned judge and "all Federal Judges and Magistrates in the District of West Virginia and to appoint a Special Judge from outside the Circuit" is DENIED.

3

## II. Applicable Law

Under 28 U.S.C. §§ 144 and 455, a litigant may request the recusal of a federal judge. In particular, 28 U.S.C. § 144 ("§ 144") states the following:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Furthermore, 28 U.S.C. § 455(b)(1) ("§ 455") states in pertinent part that "[a judge] shall [ ] disqualify himself . . . [when] he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1).[2]

Usually, a showing of extrajudicial personal bias and prejudice must exist, and adverse rulings alone are generally

---

[2] Section 455(b)(1) entirely duplicates bias or prejudice grounds of recusal addressed by § 144. Moreover, decisions interpreting § 144 are also controlling in interpretation of bias and prejudice language in § 455(b)(1). The standard for measuring grounds for disqualification is similar, but the sections reach different factual contexts. See 28 U.S.C. § 455, n.9.

4

insufficient to demonstrate bias and prejudice. See <u>Liteky v. United States</u>, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . . [T]hey . . . can only in the rarest circumstances evidence the degree of favoritism or antagonism required [to make fair judgment impossible] when no extrajudicial source is involved." (citation omitted)); <u>United States v. Grinnell Corp.</u>, 384 U.S. 563, 583 (1966); <u>Shaw v. Martin</u>, 733 F.2d 304, 308 (4th Cir. 1984) ("Alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case."). Importantly, a distinction should be made between extrajudicial conduct and conduct within the judicial context; only extrajudicial conduct can be the basis for disqualification. <u>Davis v. Board of School Com'rs of Mobile County</u>, 517 F.2d 1044, 1051 (5th Cir. 1975).

Motions based on either § 144 or § 455 must be more than conclusory in nature or void of facts. A judge is not required to recuse himself where a motion contains unsubstantiated allegations of bias. <u>Willner v. University of Kansas</u>, 848 F.2d 1023, 1027 (10th Cir. 1988). If a judge were to recuse himself upon the filing of a letter, declaration or affidavits requesting the same, floodgates would be opened to "judge-shopping." It is the duty of a judge to determine whether affidavits are sufficient, without

5

passing upon or disputing truth of the factual allegations set forth in the affidavits.

### III. Discussion

In the plaintiff's motion at issue, the plaintiff attached various affidavits regarding his claim under § 144 and § 455. In his affidavit, the plaintiff contends that: (1) the Court has engaged in an extrajudicial investigation and obtained incorrect information from the investigation; (2) the Court has refused to provide him information regarding this investigation; (3) the Court has refused to issue summonses; (4) the Court has entered two orders that conflict with the law; (5) he discovered and documented more than one million dollars in "direct theft and misappropriation" from prison staff and that after learning that he was aware of the theft, the prison staff intentionally tried to injure or kill him; and (6) the Court used the incorrect information obtained from the investigation to deny him use of the Court's electronic filing system. See ECF No. 28-1. According to the plaintiff, the circumstances require the recusal of the undersigned judge and disqualification of "all Federal Judges and Magistrates in the District of West Virginia." Other than those conclusory allegations and prior rulings, the plaintiff points to neither personal bias nor extrajudicial conduct by the undersigned judge or any federal judge or magistrate in this District. Case law is clear that affidavits of disqualification must allege

personal rather than judicial bias.  United States v. Thompson, 483 F.2d 527 (3d Cir. 1973).  Mere conclusions are insufficient.  Instead, the affidavits must show facts demonstrating the existence of a judge's personal bias and prejudice.  Knoll v. Secony Mobile Oil Company, 369 F.2d 425 (10th Cir. 1966).

The plaintiff's claims under § 144 lack merit.  His affidavit of disqualification is insufficient so as to satisfy the applicable legal standard.  The contentions in that affidavit are conclusory, and demonstrate neither personal bias nor extrajudicial conduct by the undersigned judge.  Moreover, his contentions under § 455 are equally misguided.  Specifically, the plaintiff has not presented sufficient facts or evidence which would raise a reasonable basis for recusal of the undersigned judge or disqualification of any other judge in this District.  The plaintiff relies primarily on the adverse ruling made by this Court and the magistrate judge in denying him ability to electronically file documents.  The Supreme Court of the United States, however, has stated that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  Liteky, 510 U.S. at 555 (citing Grinnell Corp., 384 U.S. at 583).  Therefore, the plaintiff's arguments under § 455 lack merit.  Finally, his contention that the Court engaged in an independent investigation of the plaintiff lacks merit for reasons discussed in this Court's order denying the plaintiff's omnibus motion.  See ECF No. 15.  Specifically, as

7

indicated in this Court's previous order (ECF No. 15), this Court communicated with the Probation Office in the Western District of Kentucky for purposes of determining the plaintiff's motion for permission to electronically file documents pertaining to this civil action (ECF No. 3).  Moreover, this Court notes that the plaintiff's allegations pertaining to an alleged theft are irrelevant to the issue of recusal.  Lastly, the plaintiff's allegations that his case has been delayed does not demonstrate bias.  See Loranger v. Stierheim, 10 F.3d 776, 784 (11th Cir. 1994) (finding that neither a judge's delay in handling a motion nor his adverse rulings constituted the sort of pervasive bias requiring the judge's recusal).  Therefore, the plaintiff's motion to disqualify and recuse the undersigned judge (ECF No. 28) is hereby DENIED.

## IV.  Conclusion

For the reasons set forth above, the plaintiff's motion to disqualify and recuse the undersigned judge (ECF No. 28) is DENIED. Accordingly, the plaintiff's request for a "Special Judge from outside this Circuit" is denied.  Moreover, the plaintiff's motion (ECF No. 28) shall remain under seal at this time.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein.

DATED: October 18, 2019

                                  <u>/s/ Frederick P. Stamp, Jr.</u>
                                  FREDERICK P. STAMP, JR.
                                  UNITED STATES DISTRICT JUDGE